IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAWRENCE W. YOHO,

    Plaintiff,

v.                                     Civil Action No. 5:16CV64
                                                     (STAMP)
HARLEY-DAVIDSON MOTOR COMPANY, INC.,
VALLEY HMM, INC. d/b/a
VALLEY BUELL MOTORCYCLES,
VALLEY HARLEY-DAVIDSON AND
BUELL MOTORCYCLES CO.,
VALLEY HARLEY DAVIDSON MOTORCYCLES,
and JOHN DOE(S) MANUFACTURERS/
DISTRIBUTORS and/or WHOLESALERS,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

I.  Background

The plaintiff originally filed his complaint in the Circuit Court of Wetzel County, West Virginia. ECF No. 1. The plaintiff is a citizen of West Virginia. One named defendant, Harley-Davidson Motor Company, Inc. ("Harley"), is a Wisconsin corporation with its principal place of business located in Wisconsin. The other named defendant, Valley HMM, Inc., doing business as Valley Buell Motorcycles, Valley Harley-Davidson and Buell Motorcycles Co., and Valley Harley-Davidson Motorcycles ("Valley"), is an Ohio corporation with its principal place of business in Ohio. According to the complaint, the defendants manufactured and sold the motorcycle that caused the plaintiff's injuries.

In Count I, the plaintiff alleges a claim of strict liability against the defendants for placing defective and unsafe motorcycles into the stream of commerce. In Count II, the plaintiff alleges that the defendants breached express and/or implied warranties to the plaintiff. In Count III, the plaintiff alleges that the defendants were negligent by failing to provide reasonable warnings of the safety risks inherent in the use of the motorcycle.

The plaintiff alleges that his damages include pain and suffering for potentially permanent bodily and mental injuries, medical expenses for those injuries, lost past and future wages and future earning capacity, and other losses and damages recoverable under West Virginia law and statutes. For relief, the plaintiff seeks compensatory damages in an amount in excess of the minimum $2,500.00 jurisdictional limit of the state court, pre- and post-judgment interest, costs, and such further relief as a court or jury may find.

Valley removed this action, to which the plaintiff timely filed this motion to remand. ECF No. 20. The plaintiff argues that the defendants have failed to satisfy the amount in controversy requirement. The plaintiff points to the following facts: (1) the only communications between the plaintiff and Harley or Valley regarding damages were the plaintiff's August 2015 letter alleging $5,297.62 in medical bills related to the incident and Harley's October 2015 letter in response denying the plaintiff's

claim; (2) the defendants had made no settlement offers in excess of $75,000.00, or any offers at all, at the time of removal; and (3) the plaintiff's complaint demanded judgment against the defendants in an amount in excess of the minimum $2,500.00 jurisdictional limit of the state court. For those reasons, the plaintiff believes the amount in controversy requirement remains unsatisfied and, therefore, seeks to remand this civil action.

Valley filed a response in opposition. ECF No. 23. Valley points out that the plaintiff has identified a life expectancy table as an exhibit, which he intends to use to prove that many of his alleged damages will be ongoing throughout the remainder of his life. Next, Valley points out that the plaintiff alleged a C5-6 disk herniation with annular tear, which, without surgery, is a permanent injury that would drive up medical expenses "drastically." Valley asserts that the permanency of an injury is a factor other courts consider as supporting evidence that a claim exceeds the jurisdictional amount. Valley also states that the plaintiff's claim for lost wages and earning capacity alone will exceed the jurisdictional amount. Lastly, Valley argues that even a conservative estimate of the plaintiff's alleged damages for past and future physical pain, past and future mental anguish and emotional pain, past and future lost enjoyment of life, past and future loss of household services, and permanent impairment would greatly exceed $75,000.00. Based on the allegations of the

complaint, Valley believes that the amount in controversy is satisfied. In the alternative, Valley requests limited discovery on the subject of the amount in controversy, arguing that discovery requests are already pending and should have been provided by August 1, 2016. The plaintiff did not file a reply.

For the reasons set forth below, the plaintiff's motion to remand is GRANTED.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). However, if federal jurisdiction arises only by virtue of the parties' diverse citizenship, such an action "shall be removable only if none of the . . . defendants is a citizen of the State in which such action is brought." Tomlin v. Office of Law Enf't Tech. Commercialization, Inc., No. 5:07CV42, 2007 WL 1376030, at *1 (N.D. W. Va. May 7, 2007). The party seeking removal bears the burden of establishing federal jurisdiction. See In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006); Mulcahey v. Columbia Organic

4

Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and, if federal jurisdiction is doubtful, the federal court must remand. Hartley v. CSX Transp., Inc., 187 F.3d 422 (4th Cir. 1999); Mulcahey, 29 F.3d at 151.

Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Ala. Power Co., 483 F.3d 1184, 1213–15 (11th Cir. 2007) ("In assessing whether removal was proper . . . the district court has before it only the limited universe of evidence available when the motion to remand is filed."); O'Brien v. Quicken Loans, Inc., No. 5:10CV110, 2011 WL 2551163 (N.D. W. Va. June 27, 2011); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal."); Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W. Va. May 12, 2011) ("The amount in controversy is determined by considering the judgment that would be entered if the plaintiffs prevailed on the merits of his case as it stands at the time of removal" (internal citations omitted)).

This Court recognizes that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 555 (2014). Nonetheless, this Court has previously found that Dart does not

require it to grant jurisdictional discovery and, thus, this Court has routinely exercised its discretion to deny such requests. See Antal v. State Farm Mut. Ins. Co., No. 5:15CV36, 2015 WL 2412358, at *3 (N.D. W. Va. May 20, 2015) (denying the plaintiff's request for jurisdictional discovery upon finding "that the language contained in . . . 28 U.S.C. § 1446(c)(3)(A) is related to discovery taken in the state court, not discovery that is taken in the federal court after removal"); O'Brien v. Falcon Drilling Co., No. 5:15CV13, 2015 WL 1588246, at *6 (N.D. W. Va. Apr. 9, 2015) (suggesting that discretionary jurisdictional discovery is appropriate only where "further evidence is revealed through discovery in the state court, a filing by the plaintiff, or some 'other paper'").

### III. Discussion

The facts show that the plaintiff is a citizen of West Virginia. Harley is a Wisconsin corporation that maintains its principal place of business in Wisconsin, and Valley is an Ohio corporation with its principal place of business in Ohio. Based on those facts, the parties are diverse. The only issue in dispute is the amount in controversy requirement under 28 U.S.C. § 1441.

Based on the record before this Court, the plaintiff's motion to remand must be granted. Valley fails to demonstrate that the amount in controversy requirement has been satisfied. In its response in opposition, Valley relies on the plaintiff's

allegations about his serious and possibly permanent injuries. Further, Valley merely asserts that the plaintiff's lost wages and earning capacity will exceed the jurisdictional amount. The only damages amount that Valley states with any specificity is the plaintiff's alleged $5,297.62 in medical bills related to the incident, which, alone, falls far short of the amount in controversy requirement.

As stated earlier, the amount in controversy requirement cannot be based on speculation or "what ifs" that may occur. Rather, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey, 483 F.3d at 1213–15. At this time in the civil action, the amount of damages that may or will be recovered is completely unknown and speculative at best. Speculation regarding the amount in controversy requirement fails to satisfy the burden that the removing party bears. See In re Blackwater Sec. Consulting, LLC, 460 F.3d at 583. Therefore, because Valley only speculates as to the amount of damages, removal is improper. As stated earlier, removal jurisdiction is strictly construed, and, if federal jurisdiction is doubtful, the federal court must remand. Hartley, 187 F.3d at 422; Mulcahey, 29 F.3d at 151. Here, doubts exist as to that jurisdiction.

This Court also denies Valley's request to conduct jurisdictional discovery as to the amount in controversy. As stated earlier, this Court has previously declined to exercise its

7

discretion to grant such requests in light of the fact that this discovery is more appropriate in state court. Further, nothing prevents the plaintiff from filing a second notice of removal should the case become removable within one year. See 28 U.S.C. § 1446(b)(3) (2012) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

Accordingly, the plaintiff's motion is granted, and the case is remanded to the Circuit Court of Wetzel County, West Virginia.

## IV. Conclusion

For the reasons set forth above, the plaintiff's motion to remand is GRANTED. Accordingly, it is ORDERED that this civil action be REMANDED to the Circuit Court of Wetzel County, West Virginia. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Wetzel County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     September 2, 2016

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE